IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMIE RAMON ALVAREZ COLINA**                               **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 5:20-cv-12-DCB-MTP**

**SHAWN R. GILLIS**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner's Writ of Habeas Corpus [1], Motion to Enforce Removal or Release [8], Supplemental Motion to Enforce Removal or Release [11], and Motion to Expedite an Order from the Court [16]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be denied, the Motion and Supplemental Motion to Enforce Removal or Release [8] [11] be denied, the Motion to Expedite an Order from the Court [16] be denied, and that this matter be dismissed with prejudice.

## BACKGROUND

Petitioner Jamie Ramon Alvarez Colina is a citizen of Venezuela. *See* [5-1] at 1. On July 15, 2013, Petitioner was arrested by the United States Coast Guard for conspiracy to possess with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States. *Id*. On January 22, 2014, Petitioner was convicted and sentenced to ninety-seven (97) months of imprisonment. *Id*. On July 16, 2019, Petitioner was released into Immigration and Customs Enforcement ("ICE") custody and both parties agree he is being detained subject to the removal proceedings set forth in 8 U.S.C. § 1225(b)(2). *See* [11] at 1; *see also* [12] at 1.

On January 22, 2020, Petitioner filed his Writ of Habeas Corpus [1] asserting his continued detention in ICE custody is unlawful since he has been detained beyond the

presumptively reasonable six months outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner seeks release from immigration custody.

## ANALYSIS

Petitioner challenges his continued detention, asserting that his detention is in excess of the presumptively reasonable six months set forth in *Zadvydas*. *See* [1]; *see also* 533 U.S. at 701. The controlling statute in *Zadvydas* is 8 U.S.C. § 1231(a)(1)(A), which provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien. The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. This does not mean that every alien not removed after six months must be released. *Id*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Respondent, however, argues that because Petitioner is held under 8 U.S.C. § 1225 and was never admitted into the United States, *Zadvydas* does not apply, and this Court lacks jurisdiction to review the Petition [1]. *See* [12] at 1; *see also Jennings v. Rodriguez,* 138 S. Ct. 830, 837 (2018). Judicial review of detainees being held pursuant to 8 U.S.C. § 1225 is limited, as the admissibility of aliens into the country is determined by Congress.[1] In *Jennings*, the U.S.

---

[1] An alien detained under 8 U.S.C. § 1225 recently argued that expedited removal proceedings violate the Suspension Clause of the United States Constitution, but the Supreme Court rejected his argument finding entry into the country has historically been and continues to be within the purview of Congress. *See e.g. Dept. of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959 (2020).

Supreme Court held that, unlike the applicable statute in *Zadvydas*, there is no implicit, presumptively reasonable six-month analysis that can be applied to aliens detained pursuant to 8 U.S.C. § 1225.[2] *See Jennings*, 138 S. Ct. at 844. Instead, the statute mandates Petitioner's detention until his removal from the country. *Id.*; *see* [17] at 1-2. The U.S. Supreme Court has not indicated if there is any amount of time where an alien being detained under 8 U.S.C. § 1225(b)(2) would be able to seek judicial review. *Jemnings*, 138 S. Ct. at 845.

Petitioner also argues that his continued detention violates substantive and procedural due process. *See* [1] at 6. "The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law. It is well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders." *Zadvydas*, 533 U.S. at 693. Aliens who arrive to the United States seeking entry are generally entitled only to those protections explicitly authorized by Congress, while aliens who have already entered the country are generally entitled due process protections prior to removal. *See Guzman v. Tippy*, 130 F.3d 64, 66 (2d Cir. 1997); *see also Zadvydas*, 533 U.S. at 693.

The due process assertions made by Petitioner do not apply to him because he is in the category of unadmitted aliens whose protections are limited to those granted by Congress. *See Guzman*, 130 F.3d at 66. Because this Court lacks jurisdiction to review his Petition [1], and Petitioner's *Zadvydas* and due process arguments do not apply based on the statute under which

---

[2] The *Jennings* Court argues that because there is a specific provision that authorizes release in § 1225(b), and no similar release provision applied in the applicable statute in *Zadvydas*, the "express exception to detention implies that there are no other circumstances under which aliens detained under § 1225(b) may be released." *Jennings*, 138 S.Ct. at 844.

the Petitioner is detained, the undersigned recommends that the Petition [1] be dismissed with prejudice.

Petitioner also filed a Motion to Enforce Removal or Release [8], a Supplemental Motion to Enforce Removal or Release [11], and a Motion to Expedite an Order from the Court [16]. As discussed above, this Court lacks jurisdiction to review Petitioner's detention. Since the Court lacks jurisdiction, the undersigned recommends that these Motions [8] [11] [16] be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be denied, the Motion to Enforce Removal or Release [8] be denied, the Supplemental Motion to Enforce Removal or Release [11] be denied, the Motion to Expedite an Order from the Court [14] be denied, and this matter be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 2nd day of November, 2020.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge