IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMIE RAMON ALVAREZ COLINA                          PETITIONER

VERSUS                  CIVIL ACTION NO. 5:20-cv-12-DCB-MTP

SHAWN R. GILLIS                                     RESPONDENT

ORDER

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 19] (the "R&R"). Also before the Court are Jamie Ramon Alvarez Colina ("Petitioner")'s: (i) Response in Opposition to the R&R [ECF No. 21];[1] (ii) Motion to Enforce Removal or Release [ECF No. 8]; (iii) Supplemental Motion to Enforce Removal or Release [ECF No. 11]; (iv) Motion to Expedite an Order from the Court [ECF. No. 16]; and (v) Motion to File Instanter his Response in Opposition to R&R [ECF No. 20].  As an initial matter, the Court grants Petitioner's Motion to File Instanter his Response in Opposition to R&R [ECF No. 20], and the Court has reviewed and considered

---

[1] The Court notes that the Petitioner recently filed a supplement [ECF No. 23] to his Response in Opposition to the R&R. Petitioner did not seek leave of Court before filing his supplemental pleading, and it is not properly before the Court. Fed. R. Civ. P. 15(d).  Nevertheless, the Court has reviewed the supplemental pleading, and it does not alter the Court's resolution of this matter.

1

Petitioner's Response in Opposition [ECF No. 21] in its ruling on this matter. Having carefully reviewed the R&R, the parties' submissions, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

In July 2013, while Petitioner was on a vessel subject to the jurisdiction of the United States, the United States Coast Guard arrested him for conspiracy to possess with intent to distribute cocaine. [ECF No. 5-1 at ¶ 2; ECF No. 11-1]. Petitioner was arrested at sea; he was not an asylum seeker and did not effect an "entry" into the United States for the purposes of our immigration laws. [ECF No. 11 ¶¶ 5, 6 & 8; ECF No. 11-1]. Petitioner was convicted and sentenced to ninety-seven (97) months of imprisonment. [ECF No. 5-1 ¶ 3; ECF No. 11-1 ¶ 7]. On July 16, 2019, Petitioner was released into Immigration and Customs Enforcement ("ICE") custody, where he currently remains. [ECF No. 5-1 ¶ 5]. The parties agree he is being detained subject to the removal proceedings set forth in 8 U.S.C. § 1225(b)(2). [ECF No. 11 ¶ 1]; [ECF No. 12 at 1]. Petitioner has submitted newspaper articles with his pleadings that describe a diplomatic break in relations between the United States and Petitioner's home country of Venezuela. [ECF Nos. 1 at 9; 1-1 through 1-4]. Petitioner argues that this shows there is no likelihood of his removal to Venezuela in the reasonably

2

foreseeable future.  [ECF Nos. 8, 11 & 21].  Because ICE has detained Petitioner for longer than six months, and because Petitioner believes that removal to Venezuela is currently unlikely, Petitioner argues that Zadvydas v. Davis, 533 U.S. 678, applies, and he should be released from detention.  Id.

However, as the Magistrate Judge correctly points out in the R&R, the guidance regarding periods of detention that exceed six months as set forth in Zadvydas is not applicable to Petitioner, who is being detained pending his removal under 8 U.S.C. § 1225(b)(2).  This issue has been decided by the United States Supreme Court in Jennings v. Rodriguez, 138 S. Ct. 830, 837 (2018), which is dispositive of Petitioner's claim.  As the Magistrate Judge summarized in the R&R:

> Judicial review of detainees being held pursuant to 8 U.S.C. § 1225 is limited, as the admissibility of aliens into the country is determined by Congress. In *Jennings*, the U.S. Supreme Court held that, unlike the applicable statute in *Zadvydas*, there is no implicit, presumptively reasonable six-month analysis that can be applied to aliens detained pursuant to 8 U.S.C. § 1225. *See Jennings*, 138 S. Ct. at 844. Instead, the statute mandates Petitioner's detention until his removal from the country. *Id.; see* [17] at 1-2.

R&R at 2-3 (footnotes omitted).  The R&R also correctly concludes that Petitioner's due process claims, [ECF No. 1 at 6], lack merit because "he is in the category of unadmitted aliens whose protections are limited to those granted by

Congress." R&R at 3; see Zadvydas, 533 U.S. at 693; Guzman v. Tippy, 130 F.3d 64 (2d Cir. 1997). In the light of Petitioner's status as an unadmitted alien who is detained subject to removal proceedings under 8 U.S.C. 1225(b)(2), this Court lacks jurisdiction to review his Petition for Writ of Habeas Corpus. [ECF No. 1]. Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion to File Instanter his Response in Opposition to Report and Recommendation [ECF No. 20] is GRANTED;

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 19] is ADOPTED in full;

IT IS FURTHER ORDERED that Petitioner's Response in Opposition to the Report and Recommendation [ECF No. 21] is OVERRULED;

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [ECF No. 1] is DENIED, all remaining motions [ECF Nos. 8, 11, and 16] are DENIED, and this case is DISMISSED with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 5th day of January, 2021.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE